| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| CHARLES CROSS, *doing business as* CHARLES CROSS AND CO., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:09-CV-832 |
| GEORGE WILLARD ATWELL, TROUFFELS CONSTRUCTION COMPANY, INC., LISA O'DELL, JEFFORY O'DELL, and UNNAMED CO-CONSPIRATORS TO BE DETERMINED DURING DISCOVERY, | § § § § § § § § | |
| Defendants. | § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Court referred this case to the Honorable Earl Hines, United States Magistrate Judge, for pretrial management pursuant to General Order 05-07. Upon Judge Hines's retirement, the case was referred to the Honorable Zack Hawthorn, United States Magistrate Judge. The Court has received and considered the report (Doc. No. 29) of the magistrate judge, who recommends that the Court dismiss this case with prejudice pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim upon which relief may be granted because all of Plaintiff Charles Cross's asserted claims are time-barred. Cross filed timely objections (Doc. No. 32) to the report and recommendation.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c) (Supp. IV 2011); FED. R. CIV. P.

72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). In Cross's objections, he does not identify any specific issues of law or fact, among those set forth in the magistrate judge's report and recommendation, with which he disagrees. Therefore, Cross's objections fail to invoke his right to a de novo review of the report and recommendation.

Nonetheless, out of an abundance of caution, the Court has undertaken a de novo review of the report and recommendation, and the Court concludes that the magistrate judge correctly found that Cross's asserted claims are barred by the applicable statutes of limitations. *See Douglass*, 79 F.3d at 1429 (noting that a district court may alternatively find the magistrate judge's findings and conclusions were correct even though a party did not properly object to the report and recommendation). Cross generally states that this case should be allowed to go forward. However, he does not argue that the magistrate judge incorrectly construed the causes of action that he is asserting in this suit, nor does he argue that the magistrate judge incorrectly determined the applicable statutes of limitations for those causes of action. Cross also does not argue that the magistrate judge incorrectly applied those statutes of limitations to the facts of his case. Cross does generally cite various *criminal* statutes of limitations under Florida and Texas law. But none of the statutes that Cross cites apply to his case, which is a civil proceeding. Accordingly, Cross's objections are without merit.

It is **ORDERED** that Cross's objections (Doc. No. 32) are **OVERRULED**; the magistrate judge's report and recommendation (Doc. No. 29) is **ADOPTED**; and Cross's claims are dismissed with prejudice. Final judgment will be entered separately.

SIGNED at Beaumont, Texas, this 8th day of July, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE